### PARKER v. UNITED STATES et al.
### No. 3790.

Circuit Court of Appeals, First Circuit.

June 30, 1942.

Richard Wait, of Boston, Mass., for appellant.

Edmund J. Brandon, U. S. Atty., and Joseph P. Rooney, Asst. U. S. Atty., both of Boston, Mass., for appellees.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

PER CURIAM.

This case was before us at an earlier stage. Parker v. United States, 1 Cir., 126 F.2d 370. We then vacated the order of the district court dated January 27, 1941, adjudging Howard B. Parker in civil contempt and committing him to jail until the Green Valley Creamery, Inc. (a corporation of which he is treasurer and sole stockholder), effects compliance with the Agricultural Marketing Agreement Act of 1937 and with the mandatory injunction theretofore issued against the said corporation. The case was remanded to the district court for further proceedings not inconsistent with our opinion. In that opinion we stated as follows (126 F.2d at page 381): "The order of the district court committing Howard B. Parker for contempt should be amended so as to adjudge specifically that Howard B. Parker is in contempt not only of the final decree, but also of the interlocutory decree, by reason of the acts set forth in the master's report as confirmed by the

court. Further, the order should be amended so as to strike out the reference to compliance by Green Valley Creamery, Inc., which has become impossible. As reparation for the contempt, the order should impose upon Parker a compensatory fine, the amount of which will be determined by the court, with due regard to the guides laid down in this opinion. The order will further state that unless the fine is paid to the market administrator within the time specified in the order, Howard B. Parker is to be committed to jail until the fine is paid or until further order of the court."

After remand, the United States moved in the district court for an order adjudging Parker in contempt, in accordance with our mandate. A memorandum in opposition was filed by Parker. The motion was heard and argued before the district court. On June 16, 1942, the district court entered an order adjudging Howard B. Parker in contempt of that court's interlocutory decree dated November 30, 1937, and of its final decree dated March 15, 1939. The order further imposed upon Parker a compensatory fine of $42,236.74 and directed payment of this sum on or before June 26, 1942, in default of which payment it was directed that Parker be committed to jail until payment is made in full or until further order of the court. This order is copied in the footnote.[1]

On June 24, 1942, the district court denied an application by Parker to be admitted to bail pending appeal. Notice of appeal to this court from the district court's order of June 16, 1942, and cost bond in the penal sum of $250, were filed on behalf of the appellant on June 26, 1942.

Appellant's motion now pending before us requests that this court admit him to bail during the pendency of the appeal. The motion is opposed by the Government.

This is not a criminal case, but a case of civil contempt, in which the Government has obtained a money decree against Parker in the sum of $42,236.74 by way of reparation for damages suffered by the market administrator as a result of Parker's contumacious course of conduct. A bail bond would only assure the physical presence of Parker within the jurisdiction of the court in the event that the order appealed from should be affirmed. The Government has no serious apprehension that Parker would decamp to parts unknown; what the Government wants is some assurance that payment of the compensatory fine will be forthcoming, if this court should ultimately affirm the order below and if, pending appeal, this court should stay the operation of such order.

In this connection the Government's experience with Parker has not been a happy one, as appears in detail from our previous opinion. In its temporary injunction issued November 30, 1937, the district court commanded Green Valley Creamery, Inc., its officers and agents, to comply with all the provisions of the marketing order during the pendency of the suit. Pending appeal therefrom this court issued a supersedeas staying in part the operation of the mandatory injunction, upon condition, however, that the amounts then due or to become due thereafter should, until final determination on appeal of the case on its merits, be paid into the registry of the district court. Our effort then was to protect the Government against any prejudice that might arise from the delay incident to the appeal. Parker utterly ignored the condition of the super-

---

[1] "This case came on to be heard on the motion of the plaintiff for an order adjudging the defendant, Howard B. Parker, in contempt, in accordance with the mandate of the Circuit Court of Appeals for the First Circuit, issued to this court on March 23, 1942, and was argued by counsel, and, upon consideration thereof, it is hereby ordered, adjudged and decreed

"(a) That the defendant, Howard B. Parker, be and he hereby is adjudged to be in contempt of this court by reason of the acts set forth in the Master's Report as confirmed by this court, which acts constitute violations of the interlocutory decree of this court, entered on November 30, 1937, and of the final decree of this court, entered on March 15, 1939.

"(b) That in reparation for said contempt of court the defendant, Howard B. Parker, shall pay to the clerk of this court the sum of forty-two thousand, two hundred thirty-six dollars and seventy-four cents, ($42,236.74) on or before the twenty-sixth day of June, 1942. That in default of such payment in the full amount and at the time aforesaid, the defendant, Howard B. Parker, be committed to jail until the payment of said fine in the amount aforesaid, or until further order of this court. That the clerk of this court shall pay the net amount of such fine to the Market Administrator when received by him, which amount shall be applied by the Market Administrator in the reduction of his claim against the said defendant."

sedeas, and persisted in his contumacious course of conduct. He continued to cause his wholly owned corporation to pile up current indebtedness to the market administrator, while at the same time taking pains to see to it that Green Valley Creamery, Inc., should not have on hand assets wherewith to discharge such increasing indebtedness. The same thing happened after the district court's final decree of March 15, 1939, and after the district court, pending appeal from the final decree, had issued a supersedeas similar in terms to the one we had entered at the earlier stage. The master found that the acts of Parker rendered Green Valley Creamery, Inc., insolvent and unable to comply with either the temporary or final decree; and that Parker was actuated by the purpose of hindering and delaying the market administrator.

Under all the circumstances, assuming we have the power to admit a defendant to bail pending appeal from an order imposing a compensatory fine in a civil contempt case, we find nothing in the record which would induce the court to exercise such discretionary power in Parker's favor. Accordingly we deny the pending application for bail.

The more appropriate motion, in a case of this kind, would seem to be a motion for a stay or supersedeas. If such a motion were made, we should, for obvious reasons, be disinclined to grant it except upon condition that the amount of the compensatory fine be paid into the registry of the district court to await the outcome of the appeal, or upon the condition that appellant should file a supersedeas bond in such sum as would cover the amount of the compensatory fine remaining unsatisfied, with interest.

In his application for bail appellant recites, under oath, that he is "wholly without means to pay the amount of said fine or any material part thereof, and is wholly unable to obtain the security in the amount of said fine or any substantial portion thereof upon supersedeas."

If such is the fact, the thing for Parker to do, at this stage, is indicated in our previous opinion (126 F.2d at page 380), as follows: "If the district court should impose such a compensatory fine upon Parker and he should fail to pay it within the time specified in the contempt order, the court might, still as part of the remedial process, commit Parker to jail until he pays the fine or until further order of the court. Raymor Ballroom Co. v. Buck, 1 Cir., 1940, 110 F.2d 207, 211, 212. Since the purpose of the commitment would be remedial merely, not punitive, the court would no doubt on application make an appropriate modification of its order if Parker were able to show his utter inability to pay the fine in whole or in part. See In re Byrd Coal Co., Inc., 2 Cir., 1936, 83 F.2d 256." The district court, upon such application, might in its discretion withhold commitment to jail for a further period; it might require immediate payment of the fine in part only, with the balance in specified installments; or it might make some other modification of its order appropriate to the facts as they are made to appear.

The application of appellant to be admitted to bail pending appeal is denied, with leave to appellant (if leave be needed) to apply to the district court for such modification of the order, in respect to terms of payment of the compensatory fine, as may be appropriate in the light of appellant's financial status as fully disclosed to the court.